## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DANIEL PACHECO, # 186582,

                    Petitioner,

v.                                                        Case Number: 08-cv-13245
                                                          Honorable Lawrence P. Zatkoff

SHIRLEE HARRY,

                    Respondent.
_____/

## OPINION AND ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS AND
## DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

### I.  INTRODUCTION

This is a habeas case filed under 28 U.S.C. § 2254.  Petitioner Daniel Pacheco, a state

prisoner currently confined at the Saginaw Correctional Facility in Freeland, Michigan,[1] filed

this *pro se* habeas petition on July 29, 2008, challenging his 1988 convictions for two counts

of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b, and two counts of

kidnapping, MICH. COMP. LAWS § 750.349, imposed by a Genesee County Circuit Court

jury.  Because Petitioner filed three previous habeas petitions in federal court, challenging

_____

    [1]Petitioner was incarcerated at the Muskegon Correctional Facility when he
originally filed his habeas petition; however, he has since been transferred to the Saginaw
Correctional Facility.  The proper respondent in a habeas case is the habeas petitioner's
custodian, which in the case of an incarcerated petitioner is the warden of the facility
where the petitioner is incarcerated.  Rule 2(a) of the Rule Governing § 2254 Cases; *see
also Edwards v. Johns*, 450 F.Supp.2d 755, 757 (E.D. Mich. 2006).  In most cases where
a petitioner is transferred to a different facility after the petition has been filed, the Court
would order an amendment of the case caption.  However, because the Court is denying
the petition in this case, it finds no reason to do so.

the same convictions and sentences, the Court transferred the case to the Sixth Circuit for

authorization to file this subsequent petition. *See Pacheco v. White*, No. 06-00043 (W.D.

Mich. Mar. 23, 2007) (petition denied); *Pacheco v. Sherman*, No. 02-00028 (W.D. Mich.

Mar. 21, 2002) (transferred to Sixth Circuit); *Pacheco v. Trippett*, No. 00-1301 (6th Cir. May

22, 2000) (appeal denied); *Pacheco v. Trippett*, No. 98-75062, 2000 WL 246602 (E.D. Mich.

Feb. 15, 2000) (petition denied); *Pacheco v. Trippett*, 531 U.S. 1018 (2000) (writ of certiorari

denied).

On April 20, 2009, the Sixth Circuit remanded the case to the district court with

instructions to accept the habeas petition for filing. It summarized the procedural history of

the case as follows:

> In 1988, a jury convicted Pacheco of two counts of first-degree criminal
> sexual conduct and two counts of kidnapping. The trial court imposed four
> sentences of 20 to 30 years, to run concurrently to each other but consecutively
> to a 15 to 50 year sentence for prison escape. The trial court subsequently
> amended the judgment to provide that all of the sentences be served
> concurrently. The State appealed, and the Michigan Court of Appeals reversed
> the trial court's judgment and remanded for re-imposition of consecutive
> sentencing. In November 2007, the trial court reinstated the consecutive
> sentences. Pacheco seeks to advance three claims pertaining to the Court of
> Appeals' decision to reinstate consecutive sentencing and events and
> omissions occurring during the State's appeal.

> The new claims fail to satisfy the requirements of §2244(b)(2).
> However, we agree with Pacheco that an authorization from this court is
> unnecessary. We have held that where a claim originates at resentencing and
> could not have been challenged at the original sentencing proceeding, the first
> habeas corpus motion or petition challenging that claim is not "second or
> successive." *Lang v. United States*, 474 F.3d 348, 353 (6th Cir.), *cert. denied*,
> 128 S. Ct. 819 (2007). Pacheco's claims could not have been raised in any of
> his three prior petitions because they arose during resentencing and did not
> exist when those petitions were filed. Moreover, Pacheco does not seek to

2

attack any of his underlying convictions or any component of the original judgment that was not amended. *See Galtieri v. United States*, 128 F.3d 33, 38 (2d Cir. 1997).

*In re Daniel Pacheco*, No. 08-2019 (6th Cir. Apr. 20, 2009).

On May 4, 2009, this Court issued an order reopening Petitioner's habeas proceedings. *Pacheco v. Harry*, No. 08-cv-13245 (E.D. Mich. May 4, 2009).

On July 6, 2009, Petitioner filed an amended habeas petition raising the following three claims: (1) whether the Michigan Court of Appeals committed reversible error by utilizing the law-of-the-case doctrine to vacate a valid sentence, (2) whether the prosecutor committed fraud in order to have an illegal sentence affirmed, and (3) whether appellate counsel's failure to respond to the People's application for leave to appeal to the Michigan Court of Appeals was a structural error that violated his due process rights.

For the reasons set forth below, the Court will deny the petition. The Court also will decline to issue Petitioner a certificate of appealability.

## II. BACKGROUND

### A. Substantive Facts and Direct Appeal

Petitioner's troubles in this case arise from the following incidents. In January 1987, Petitioner pleaded guilty to unlawfully driving away an automobile (UDAA), for which he was sentenced two to five years in prison. He escaped. While an escapee, on January 7, 1988, Petitioner, along with Daniel Keen and Jose Pacheco, picked up eleven-year-old LG,[2]

---

[2]Complainants initials are used in order to protect their identities.

3

and twelve-year-old BR, while they were walking home from school.  The men waited in a truck behind a church, about four blocks from the school.  As the girls walked by the truck, Petitioner yelled to them to get into the truck or he would kill them.  The three men then took the two girls to trailer homes, where they repeatedly raped them.  Subsequently, Petitioner was charged with two counts of first-degree criminal sexual conduct and two counts of kidnapping.

On July 15, 1988, Petitioner was convicted of those charges, and, on August 4, 1988, he was sentenced to concurrent terms of 100 to 200 years in prison for each count.

After he was convicted and sentenced on those charges, Petitioner pleaded guilty to prison escape.  On August 30, 1988, he was sentenced, as a habitual offender, to fifteen to fifty years in prison, to run consecutively to the UDAA sentence.

Subsequently, Petitioner filed a direct appeal with the Michigan Court of Appeals, alleging that the trial court erred in refusing to give an insanity instruction and that his sentence was disproportionate.  The Court of Appeals affirmed his convictions but vacated his sentences and remanded for resentencing.  *People v. Pacheco*, No. 111816 (Mich.Ct.App. Dec. 10, 1990).

Petitioner filed a *pro per* delayed application for leave to appeal that decision with the Michigan Supreme Court, raising the following three claims: (1) the trial court erred in failing to give an insanity instruction, (2) the trial court erred by taking expert testimony on the insanity issue but failed to instruct the jury on the issue, and (3) his trial counsel was ineffective when in closing argument he stipulated to facts which essentially amounted to the

4

equivalent of a guilty plea.  The Supreme Court denied his delayed application.  *People v. Pacheco*, No. 90836 (Mich. Aug. 30, 1991).

On remand, on April 11, 1991, the trial court resentenced Petitioner to four terms of forty to sixty years in prison to run concurrently with his sentence imposed for prison escape. The People filed a motion for resentencing, arguing that, under Michigan law, those sentences must be consecutive to the sentence that Petitioner was serving for a previous crime.  On April 29, 1991, the trial court granted the People's motion and amended its April 11, 1991 sentence, ordering the sentences to run consecutively.

Subsequently, on June 3, 1991, Petitioner moved for resentencing.  The case was reassigned several times, from Judge Freeman to Judge Washington to Judge Beagle.

In the interim, Petitioner filed a claim of appeal from Judge Washington's resentencing order.  The appeal was dismissed by stipulation.  Because Petitoner's June 3, 1991, motion for resentencing had not been addressed, an amended motion for resentencing was filed on September 2, 1992.

On January 25, 1993, the case was reassigned to Judge Borradaile.  Petitioner filed a motion to disqualify Judge Borradaile but the motion was denied and a resentencing hearing was scheduled.

Petitioner then filed a motion to disqualify all circuit judges in Genesee County for the purpose of resentencing.  The motion was denied.

Petitioner was resentenced on August 31, 1993.  Judge Borradaile sentenced him to four terms of twenty to thirty years in prison, to run consecutively to the fifteen to fifty years

5

in prison imposed for the prison escape.

Prior to the sentence proceeding on August 31, 1993, Petitioner filed a motion for retrial or for an evidentiary hearing. The trial court treated that motion as a motion for relief from judgment and denied it.

Petitioner filed a claim of appeal from his 1993 resentencing with the Court of Appeals, raising the following three claims: (1) the consecutive sentences imposed by Judge Borradaile violated his right to due process and punished him for exercising his right to appeal from his first sentence, (2) he was sentenced on the basis of inaccurate information and his sentence was improperly scored under the guidelines, and (3) he was denied his right to due process by the retroactive application of the revised guidelines. The Court of Appeals affirmed the sentences finding, in part, that consecutive sentencing was imposed properly under Michigan law. *People v. Pacheco*, No. 168446 (Mich.Ct.App. Nov. 29, 1995).

Petitioner filed a delayed application for leave to appeal that decision with the Supreme Court, raising the same claims and adding the following: Did the trial judge have the authority to entertain an issue that was abandoned by the prosecution? The Supreme Court denied the delayed application on September 27, 1996. *People v. Pacheco*, 453 Mich. 896, 554 N.W.2d 316 (1996).

### B. Post-Appeal Proceedings

### 1. First Motion for Relief from Judgment

As stated above, while Petitioner was awaiting resentencing, he filed a motion for retrial, alleging the following three claims: (1) ineffective assistance of counsel, (2) the trial

6

court erred in failing to instruct on the insanity defense before such testimony was presented, and (3) the trial court erred in denying the admission of the complainant's school attendance records. Judge Borradaile treated the motion as a motion for relief from judgment and denied it. *People v. Pacheco*, No. 88-03908-FC (Genesee County Circuit Court, June 1, 1993).

Petitioner filed a delayed application for leave to appeal Judge Borradaile's decision with the Court of Appeals, alleging that trial counsel was ineffective where during closing arguments he made statements which essentially amounted to the equivalent of a guilty plea, and that the trial court erred by failing to admit the complainants' school attendance records. The Court of Appeals denied the delayed application. *People v. Pacheco*, No. 180923 (Mich.Ct.App. Feb. 9, 1995).

Petitioner filed a delayed application for leave to appeal the Court of Appeals's decision with the Supreme Court. The Supreme Court denied the application. *People v. Pacheco*, 450 Mich. 928, 543 N.W.2d 318 (1995).

## 2.  Second Motion for Relief from Judgment

In his second motion for relief from judgment, filed on February 14, 1997, Petitioner raised three issues: (1) trial-court error, (2) ineffective assistance of trial counsel, and (3) ineffective assistance of appellate counsel. The motion was submitted to Judge Washington's successor, Judge Archie L. Hayman. Judge Hayman denied the motion. *People v. Pacheco*, No. 88-03908-FC (Genesee County Circuit Court, Mar. 27, 1997).

The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's delayed applications for leave to appeal the denial of that motion. *People v. Pacheco*, No.

7

202785 (Mich.Ct.App. Dec. 22, 1997); *People v. Pacheco*, 459 Mich. 859, 583 N.W.2d 901 (1998).

### 3.  First Petition for Writ of Habeas Corpus

Petitioner's first petition for writ of habeas corpus was filed on November 30, 1999, raising the same claims raised in the trial court. The district court denied the petition. *Pacheco v. Trippett*, No. 98-75062, 2000 WL 246602 (E.D. Mich. Feb. 15, 2000).

On May 22, 2000, the Sixth Circuit Court of Appeals denied Petitioner's appeal of the district court judgment. *Pacheco v. Trippett*, No. 00-1301 (6th Cir. May 22, 2000). The United States Supreme Court denied a writ of certiorari on November 27, 2000. *Pacheco v.Trippett*, 531 U.S. 1018 (2000).

### 4.  Third Motion for Relief from Judgment

On December 29, 2000, Petitioner again filed a motion for post-conviction relief, in which he raised seven claims: (1) the trial court must use MICH. COMP. LAWS § 770.2(4) when reviewing his claims, (2) if the trial court finds that Mich.Ct.R. 6.500 applies, then he has complied with the requirements of the rule, (3) the conduct of the trial court denied him the right to a fair trial, (4) his was denied his right to cross-examination when the trial court refused to admit the complainants' school attendance records, (5) his trial counsel was ineffective, (6) he appellate counsel was ineffective, and (7) when Judge Borradaile resentenced him on August 31, 1993, he violated his right against double jeopardy.

The trial court denied the motion, stating:

It is this Court's opinion that Defendant's present motion is also a

8

Motion for Relief from Judgment and, furthermore, that this is his second such motion after his current sentence. Pursuant to MCR 6.502(B) a defendant is entitled to only one Motion for Relief from Judgment. Accordingly, this Court is barred from ruling on this motion.

However, even assuming that Defendant's motion is not a Motion for Relief from Judgment, this Court is still unable to rule on this motion. In reviewing Defendant's current motion and file, it is apparent that Arguments III, V, and VI, were raised previously before the Court of Appeals on April 28, 1997. Argument IV was raised before the Court of Appeals in Defendant's April 5, 1995 Application for Leave to Appeal. And lastly, Argument VII was raised before the Court of Appeals in Defendant's September 2, 1994 Claim of Appeal. Pursuant to MCR 6.508(D)(2) this Court is barred from reexamining these issues at this time.

Defendant's remaining Argument I and II, merely relate to the good cause and actual prejudice requirements of MCR 6.508(D)(3)(a) and (b). Accordingly, since Defendant has no new arguments before this Court, these issues have been rendered moot.

*People v. Pacheco*, No. 88-03908-FC (Genesee County Circuit Court, Jan. 10, 2001). The order entered was mistitled as "Order Denying Reconsideration." (Genesee County Circuit Court Docket # 345). Petitioner's motion for rehearing was denied on June 21, 2001. Both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal based on Mich.Ct.R. 6.508(D). *People v. Pacheco*, No. 232835 (Mich.Ct. App. June 6, 2001); *People v. Pacheco*, 465 Mich. 952, 639 N.W.2d 812 (2002).

### 5. Fourth Motion for Relief from Judgment

On September 19, 2002, Petitioner filed a motion to vacate Judge Hayman's order, challenging the jurisdiction of the circuit court to issue the March 27, 1997 order. The motion was denied. *People v. Pacheco*, No. 88-03908-FC (Genesee County Circuit Court, Sept. 26, 2003).

9

**6.  Fifth Motion for Relief from Judgment**

On March 9, 2004, Petitioner, once again, filed a motion for relief from judgment, alleging that the motion should be permitted because there was a retroactive change in the law and his trial counsel was ineffective.  The trial court denied the motion because it was a successive motion.  *People v. Pacheco*, No. 88-03908-FC (Genesee County Circuit Court, Mar. 15, 2004).

**7.  Sixth and Seventh Motions for Relief from Judgment**

In his sixth motion for relief from judgment, filed on May 4, 2005, along with a motion to correct an invalid sentence (seventh motion for relief from judgment), Petitioner argued, in part, that the consecutive provision of his sentences was invalid.  The trial court granted the motion and ordered the correction of Petitioner's sentences to reflect that they be concurrent, rather than consecutive, to his escape-conviction sentence.  *People v. Pacheco*, No. 88-03908-FC (Aug. 30, 2005).  The prosecutor appealed.  The Court of Appeals reversed and remanded for consecutive sentences.  *People v. Pacheco*, No. 265318, 2006 WL 3755276 (Mich.Ct.App. Dec. 21, 2006).

Subsequently, the trial court ordered reinstatement of consecutive sentences, finding as follows:

> Defendant filed a motion for resentencing arguing that his sentences should be concurrent.  That motion was granted by this Court on March 8, 2006 and an amended sentence was entered.  The prosecution appealed that amended sentence. The Court of Appeals reversed the amended sentence and remanded to this Court for reinstatement of the consecutive sentences imposed by Judge Borradaile on August 31, 1993.

10

This Court in compliance with the Court of Appeals' opinion and order of December 21, 2006,

HEREBY ORDERS that Defendant's four sentences of 20-30 years imprisonment for two counts of kidnapping and two counts of criminal sexual conduct first degree are to run consecutive to his sentence of 15 to 50 years for prison escape, file 88-39023-FH, and his sentence of 2-5 years for attempt UDAA, file 88-39023-FH. Furthermore, that the amended judgment of sentence entered by this Court on March 8, 2006 is stricken. And lastly, that the judgment of sentence entered by Judge Earl Borradaile on August 31, 1993 is in full effect and is the sole valid judgment of this court.

*People v. Pacheco*, Case No. 88-39081-FC (Genesee County Circuit Court, Jan. 8, 2007).

On July 30, 2007, the Supreme Court denied Petitioner's application for leave to appeal the December 21, 2006, Court of Appeals's opinion. *People v. Pacheco*, 479 Mich. 862, 735 N.W.2d 643 (2007).

**8. Motions for Reconsideration and for Relief from Judgment in the District Court**

O April 7, 2004, Petitioner filed a motion for reconsideration from the district court's denying his habeas petition, arguing ineffective assistance of trial counsel. The district court (The Honorable John Corbett O'Meara) denied his motion. *Pacheco v. Trippett*, No. 98-75062 (E.D. Mich. Sept. 14, 2004).

Petitioner then filed yet another motion for relief from judgment in the district court, again alleging ineffective assistance of trial counsel. Judge O'Meara denied the motion on September 8, 2005. *Pacheco v. Trippett*, No. 98-75062 (E.D. Mich. Sept. 8, 2005).

**C.  Pending Habeas Petition**

On July 29, 2008, Petitioner filed this action under 28 U.S.C. § 2254, alleging the following claims:

11

I.     The Court of Appeals committed reversible error by utilizing the law of the case doctrine to vacate a valid sentence and order the trial court to reinstate an invalid sentence in violation of Petitioner's federal and state due process.

II.    The state courts committed reversible error by refusing to adjudicate Petitioner's claim that state prosecutors committed fraud on the trial and appellate courts to have an illegal sentence affirmed violating Petitioner's federal and state due process.

III.   The denial of appellate counsel or appellate counsel's failure to respond to the prosecution's application during the pendency of Petitioner's application for leave to appeal to the Michigan Court of Appeals was a structural error and violates Petitioner's federal and state due process.

### III.  STANDARD OF REVIEW

28 U.S.C. § 2254(d) imposes the following standard of review that a federal court must utilize when reviewing applications for a writ of habeas corpus:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Federal courts are therefore bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). This Court must presume the correctness of a state court's factual determinations.

12

28 U.S.C. § 2254(e)(1).

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases.

> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Williams*, 529 U.S. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable.

> [A]n unreasonable application of federal law is different from an incorrect application of federal law . . . .  Under § 2254(d) (1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.

*Id.* at 409-11.

Recently, in *Harrington v. Richter*, --- U.S. ---, 131 S.Ct. 770, 786 (2011), the United

13

States Supreme Court held:

> A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree" on the correctness of the state court's decision. *Yarborough v. Alvarado*, 541 U.S. 652, 664, [] (2004). And as this Court has explained, "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Ibid.* "[I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." *Knowles v. Mirzayance*, 556 U.S. ----, ----, 129 S.Ct. 1411, 1413-14, [] (2009) (internal quotation marks omitted).

With those standards in mind, the Court proceeds to address Petitioner's claims.

## IV. DISCUSSION

### A.  No Sentencing Claim

In his first habeas claim, Petitioner argues that he was denied due process by the Court of Appeals when it chose to utilize the law-of-the-case doctrine to vacate a valid sentence and reinstate an invalid sentence. Under the law-of-the-case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or by a higher court in the same case. *Consolidation Coal Co. v. McMahon*, 77 F.3d 898, 905 (6th Cir. 1996). The law-of-the-case doctrine has been applied to habeas cases in various contexts. *See Crick v. Smith*, 729 F.2d 1038, 1039 (6th Cir. 1984).

The law-of-the-case doctrine does not permit the Court to disturb the previous courts' decisions in the absence of "exceptional circumstances." *Cone v. Bell*, 492 F.3d 743, 750 (6th Cir. 2007). Examples of exceptional circumstances include newly discovered evidence, a change in controlling law, or a finding that the prior decision was clearly erroneous and

14

would work a manifest injustice. *Hanover Ins. Co. v. Amer. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997) (citing *Coal Res, Inc. v. Gulf & W. Ind.*, 865 F.2d 761, 766, *amended on denial of reh'g*, 877 F.2d 5 (6th Cir.1989)).

First, to the extent Petitioner's sentencing claim is a state-law claim, it is non-cognizable in a federal-habeas proceeding. "[T]he actual computation of [a petitioner's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254." *Kippen v. Renico*, 65 F.App'x 958, 959 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)).

Second, the Court also recognizes that some sentencing claims implicate the Constitution. Convicted defendants have a due-process right to fair sentencing procedures. *United States v. Anders*, 899 F.2d 570, 575 (6th Cir. 1990) (citing *United States v. Rone*, 743 F.2d 1169 (7th Cir. 1984)). To the extent that Petitioner has asserted a federal-constitutional claim, he is entitled to the writ only if he can show that the state court's adjudication of his claim on the merits was contrary to, or an unreasonable application of, clearly established Supreme Court precedent or was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. 28 U.S.C. § 2254(d).

Here, the Court of Appeals, the last court to issue a reasoned decision regarding this issue, held as follows:

> Defendant was serving a two-to-five-year prison sentence in 1987. He escaped and committed the instant offenses. After he was convicted and sentenced in this case, he pleaded guilty to, and was sentenced for, prison escape. Defendant appealed his convictions and sentences in this case. This Court affirmed defendant's convictions but vacated his sentences as invalid

15

and remanded for resentencing.  On remand, the trial court imposed lesser sentences but ordered that they be served consecutively to the sentence defendant was already serving for prison escape.  Defendant appealed and this Court affirmed, stating in part, "Consecutive sentencing is mandatory, MCL 768.7a, and was properly imposed by the last-in-time sentencing court. *People v. Chambers*, 430 Mich. 217, 230[, 421 N.W.2d 903] (1988)."  *People v. Pacheco*, unpublished order of the Court of Appeals, entered November 29, 1995 (Docket No. 168446).

Defendant continued to dispute the propriety of consecutive sentencing. Eventually, the trial court agreed that because defendant was not subject to consecutive sentencing when first sentenced in 1988, consecutive sentences could not be imposed when he was resentenced, even though by that time defendant was serving a sentence for prison escape.  It therefore amended the judgment of sentence to provide that defendant's sentences be served concurrent to his sentence for prison escape.

We agree with the prosecutor that the trial court's decision was barred by the law[-]of[-]the[-]case doctrine.  That "doctrine holds that a ruling by an appellate court on a particular issue binds the appellate court and all lower tribunals with respect to that issue.  Thus, a question of law decided by an appellate court will not be decided differently on remand or in a subsequent appeal in the same case."  Because this Court previously determined that consecutive sentencing was required and there has not been any change in the law regarding consecutive sentencing, the trial court was prohibited from taking any action inconsistent with that ruling.  We also note that the law of the case doctrine applies "without regard to the correctness of the prior determination, so that a conclusion that a prior appellate decision was erroneous is not sufficient in itself to justify ignoring the law of the case doctrine."

*Pacheco*, 2006 WL 3755276, at * 1-2 (citations omitted).

This Court finds that the state appellate court did not abuse its discretion in applying the law-of-the-case doctrine to Petitioner's case.  State sentences in Michigan run concurrently unless there is statutory authority for the imposition of consecutive sentences. *People v. Chambers*, 430 Mich. 217, 222, 421 N.W.2d 903, 905 (1988); *People v. St. John*,

16

230 Mich.App. 644, 646, 585 N.W.2d 849 (1998) (citation omitted).  Under Michigan law, consecutive sentencing is mandatory for an escape offense as it relates to the sentence a prisoner was serving when he or she escaped, and the sentence for the crime he or she committed while an escapee runs consecutively to the escape sentence.  *People v. Piper*, 181 Mich.App. 583, 586-87, 450 N.W.2d 72, 74-75 (1989); *People v. Mandell*, 166 Mich.App. 620, 420 N.W.2d 834 (1987).

Here, Petitioner fails to establish that the state court's reinstatement of the sentence mandated by state law was in error.  In Petitioner's case, consecutive sentencing was required under state law and the reinstatement of his original consecutive sentences was proper.

Against that backdrop, the Court finds that Petitioner's argument is based solely on a perceived error of state law, and, therefore, he fails to state a claim on which habeas relief may be granted.  *Estelle*, 502 U.S. at 68.  He is not entitled to habeas relief regarding his sentencing claim.

### B.  No Prosecutorial Misconduct

In his second habeas claim, Petitioner alleges that "All Genesee County Prosecutor's staff that participated in this case from April 11, 1991 to date committed some type of fraud." Amended Habeas Petition, 18.  In essence, Petitioner is alleging that all the prosecutors in this case committed fraud by informing the various trial judges that his sentences were to be served consecutively rather then concurrently.

To prevail on his claim, a habeas petitioner must demonstrate that the prosecutor's conduct violated a specific constitutional right or infected the trial with such unfairness as

17

to make the resulting conviction a denial of due process. *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). Misrepresenting facts in evidence by a prosecutor can amount to substantial error. *Washington v. Hofbauer*, 228 F.3d 689, 700 (6th Cir. 2000) (citing *Donnelly*, 416 U.S. at 646. Likewise, a prosecutor in a criminal case may not misstate the law. *See*, e.g., *Caldwell v. Mississippi*, 472 U.S. 320, 340 (1985).

The Court finds Petitioner's assertion that the prosecutor misrepresented facts, and the law, to the lower courts to intentionally facilitate and uphold an invalid sentence is not supported by the record. There is no evidence in the record that the prosecutors intentionally misrepresented the complicated history of this case to the courts. Petitioner's unsupported claim of prosecutorial fraud is without merit. Therefore, he is not entitled to habeas relief regarding this claim.

### C.  Not Denied Right to Appellate Counsel or Effective Assistance of Appellate Counsel

In his third and final habeas claim, Petitioner asserts that he was denied his constitutional right to the assistance of appellate counsel during the twenty-one-day period allowed for response to the prosecution's application for leave to appeal. The appeal Petitioner is referring to is the appeal challenging the concurrent sentence imposed by the trial court on August 29, 2005, where the trial court held that his sentence was consecutive to the UDAA sentence and concurrent to the prison-escape sentence.

The Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel on direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). In

18

*Penson v. Ohio*, 488 U.S. 75 (1988), the Supreme Court distinguished between two types of effective assistance of appellate counsel. First, where a petitioner argues that counsel failed to assert or fully brief a particular claim, he must show that his attorney's performance was both deficient and prejudicial. *Penson*, 488 U.S. at 85 (citing *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984)). Second, where the complained-of performance constitutes a complete, actual or constructive denial of the assistance of counsel, prejudice is presumed. *See Penson*, 488 U.S. at 88-89 ("[T]he actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice.") (citation omitted). The United States Supreme Court distinguished "denial of counsel altogether on appeal, which warrants a presumption of prejudice, from mere ineffective assistance of counsel on appeal, which does not." *Smith v. Robbins*, 528 U.S. 259, 286 (2000) (citing *Penson*, 488 U.S. at 88-89).

In this case, the record establishes, however, that Petitioner was represented by assigned counsel at the time of the prosecutor's appeal. Attorney Patrick K. Ehlmann filed an appearance with the trial court on October 5, 2005, and confirmed to Petitioner in a letter dated October 21, 2005, that he was appointed to represent him on the prosecutor's appeal from the amended judgment of sentence. Further, Attorney Ehlmann convinced the Court of Appeals to accept Petitioner's pleadings in response to the prosecutor's appeal. Genesee County Circuit Court Docket Sheet ## 435-38.

With that, the Court concludes that there is no merit to Petitioner absence of counsel claim. He is not entitled to habeas relief.

19

**D.  Court Declines to Issue Petitioner a Certificate of Appealability**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a [COA] when it enters a final order adverse to the applicant . . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11, Rules Governing Section 2255 Proceedings.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Courts must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed.R.App. P. 22(b).  To receive a COA, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

For the reasons stated in its opinion and order, the Court concludes that reasonable jurists would not find its assessment of Petitioner's  claims debatable or wrong.  The Court therefore declines to issue Petitioner a COA.

## V.  CONCLUSION

Accordingly, **IT IS ORDERED** that the "Petition for Writ of Habeas Corpus" [dkt.

# 1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue Petitioner a COA.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  March 30, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 30, 2011.

s/Marie E. Verlinde
Case Manager
(810) 984-3290

21